UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI CONTE,

      Plaintiff,

v.                                      Case No. 11-12074
                                      Honorable Patrick J. Duggan

ASCENSION HEALTH and
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

      Plaintiff filed this lawsuit on May 11, 2011, challenging Defendants' denial of her claim for long-term disability benefits under a long-term disability benefits plan ("LTD Plan"). Ascension Health ("Ascension") is the Plan Sponsor and Plan Administrator for the LTD Plan; Sedgwick Claims Management Services, Inc. ("Sedgwick") is the Claims Administrator. Plaintiff alleges that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") by (1) wrongfully denying benefits under the LTD Plan, (2) breaching their fiduciary duties to Plaintiff by denying benefits, and (3) failing to timely provide plan documents to Plaintiff. The LTD Plan is a welfare benefit plan as that term is defined under ERISA.

      Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer venue pursuant to 28 U.S.C.

§ 1406(a).[1]  Defendants contend that, pursuant to a forum selection clause in the LTD Plan, Plaintiff's claims must be adjudicated in the United States District Court for the Eastern District of Missouri.  The motion has been fully briefed and, on September 27, 2011, this Court held a motion hearing.

## Background

Plaintiff suffers from multiple medical problems that she alleges renders her unable to engage in any type of gainful employment.  (Compl. ¶ 8.)  Plaintiff therefore made a claim for long-term disability benefits under the LTD Plan.  The plan provides for coverage for twenty-four months if the claimant is unable to work in his or her own occupation and coverage thereafter if the claimant is unable to perform any work or service for which he or she is reasonably qualified taking into consideration the claimant's training, education, experience, and past earnings.  (*Id*. ¶¶ 9, 11.)  Effective January 1, 2006, the LTD Plan was amended to include the following forum selection clause:

> **10.20 Forum Selection Clause.**  Except as the laws of the United States may otherwise require, any action by any Plan Participant or Beneficiary relating to or arising under the Plan shall be brought and resolved only in the U.S. District Court for the Eastern District of Missouri and in any courts in which appeals from such court are heard, and such court shall have personal jurisdiction over any Participant or Beneficiary named in such action.

---

[1] Notably, the Sixth Circuit Court of Appeals has held that motions to dismiss for failure to abide by forum selection clauses are reviewed under Federal Rule of Civil Procedure 12(b)(6) rather than 12(b)(3).  *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009).

(Defs.' Mot. Ex. C, First Amendment at 2.)

Sedgwick approved Plaintiff's claim for benefits under the LTD Plan's "own occupation" provision and therefore Ascension paid Plaintiff benefits for an initial twenty-four months, from March 10, 2008 through March 11, 2010. Defendants denied Plaintiff's claim for benefits continuing beyond that period. Plaintiff, who is a Michigan resident, thereafter filed this lawsuit.

## Applicable Law and Analysis

Where a forum selection clause in an ERISA plan is invoked as a ground for dismissal and the defendant(s) alternatively seeks a transfer of venue pursuant to 28 U.S.C. § 1406(a), the majority of courts transfer the action rather than dismiss it outright. *See, e.g., Williams v. Cigna Corp.*, No. 5:10-00155, 2010 WL 5147257 (W.D. Ky. Dec. 13, 2010) (citing cases). If this Court concludes that the LTD Plan's forum selection clause is enforceable, it too will transfer the action rather than dismissing it.[2]

---

[2]Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Pursuant to § 502(e)(2) of ERISA, Plaintiff could have brought this lawsuit ". . . in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

Ascension is a Missouri corporation with its principal place of business in St. Louis, Missouri. It also is the Plan Administrator. Thus the Eastern District of Missouri is a district in which Plaintiff's suit "could have been brought."

3

The Sixth Circuit Court of Appeals advises that "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S. Ct. 1522 (1991)); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15, 92 S. Ct. 1907 (1972). Three factors are relevant to a court's consideration of whether a forum selection clause should be set aside:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Wong*, 589 F.3d at 828 (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)).

In response to Defendants' motion, Plaintiff asserts that the forum selection clause was obtained through "fraud" or "overreaching" because she was not provided notice of the amendment to the LTD Plan to include the forum selection clause.[3] Relying on the District Court for the Southern District of Illinois' unpublished decision in *Mezyk v. U.S. Bank Pension Plan*, No. 3:09-cv-384, 2009 WL 3853878 (Nov. 18, 2009), and breach of

---

[3]Contrary to Plaintiff's suggestion, the forum selection clause was added to the LTD Plan effective January 1, 2006– before she claims to have become disabled (September 12, 2007) and therefore before she first sought benefits under the plan. (*See* Pl.'s Resp. Br. at 2.)

4

contract cases, Plaintiff argues that a forum selection clause is unenforceable where it was not reasonably communicated to the party against whom enforcement is sought. (*See* Pl.'s Resp. Br. at 5.) *Mezyk*, although involving an ERISA plan, relies on breach of contract cases for its holding.

The LTD Plan, however, is not the typical contract negotiated between the plaintiff and the defendant. It is a welfare benefit plan negotiated by Plaintiff's employer and the Plan Administrator. Through those negotiations, Ascension retained the right to amend, modify, or even terminate the plan at any time. (*See, e.g.*, Pl.'s Resp. Ex. 4 at 25.) Thus this Court cannot find that "the [forum selection] clause was obtained by fraud, duress, or other unconscionable means" simply because it was unilaterally added to the LTD Plan allegedly without notice to Plaintiff. In this Court's view, where Plaintiff did not have bargaining power to negotiate the inclusion or exclusion of the forum selection clause, notice is not relevant to determining whether the provision was freely negotiated and enforceable. Other courts, including courts within the Sixth Circuit, have reached the same conclusion. *See, e.g., Smith v. Aegon USA, LLC*, 770 F. Supp. 2d 809, 812 (W.D. Va. 2011); *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1024 (C.D. Cal. 2008); *Williams v. Cigna Corp.*, No. 5:10-cv-00155, 2010 WL 5147257, at *4 (W.D.K.Y. Dec. 13, 2010); *Sneed v. Wellmark Blue Cross and Blue Shield of Iowa*, No. 1:07-cv-292, 2008 WL 1929985, at *3 (E.D. Tenn. 2008).

Moreover, the Summary Plan Description ("SPD") dated January 1, 2005– which Plaintiff concedes she received– although not including the forum selection clause,

clearly informs participants and beneficiaries of Ascension's right to unilaterally amend, modify, or terminate the plan and that the SPD provides only a summary of the LTD Plan's terms and conditions. (Pl.'s Mot. Ex. 3 ¶ 4, Ex. 4 at 25.) The SPD further informs participants and beneficiaries of their right to examine, without charge, or request copies of all documents concerning the plan. (*Id*. Ex. 4 at 42.) Thus participants and beneficiaries were on notice that additional terms applied to the plan and were provided the opportunity to review those terms.

Finally, the Supreme Court has rejected the view that a forum selection clause should be set aside simply because it is contained in an adhesion contract– in that case, a ticket for a cruise. *Shute*, 499 U.S. at 593-94, 111 S. Ct. at 1527. While the *Shute* Court assumed that the plaintiffs-passengers were aware of the forum selection clause when they purchased their ticket, notice was only one of several factors that the Supreme Court considered in analyzing the reasonableness of the forum selection clause at issue.[4] Another consideration was the context in which the contract was reached:

> In this context [a commercial passage contract issued by a cruise line] it would be entirely unreasonable for us to assume that [the] respondents– or any other cruise passenger– would negotiate with [the] petitioner the terms of a forum selection clause in an ordinary commercial cruise ticket. Common sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have bargaining parity with the cruise line.

---

[4] Significantly, although the Supreme Court accepted the lower court's assumption that the plaintiffs had knowledge of the clause, the Court expressed "doub[]" about this finding. *Shute*, 449 U.S. at 590, 111 S. Ct. at 1526.

> . . . [W]e do not adopt the Court of Appeals' determination that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining. Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons . . ."

*Id*. at 593, 111 S. Ct. at 1527. The reasons identified by the Court were: (1) the cruise line's "special interest in limiting the fora in which it potentially could be subject to suit" considering that it carries passengers from many locales; (2) "dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions" and (3) "that passengers who purchase tickets containing a forum clause . . . benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued." *Id*. at 593-94, 111 S. Ct. at 1527 (citations omitted).

Similar to cruise line tickets, the LTD Plan was not subject to the participants' and beneficiaries' bargaining. This reality, as the *Shute* Court advised, must be taken into account when determining whether the absence of bargaining is relevant in assessing a term's reasonableness. Further, the three reasons identified by the Court as to why the forum selection clause contained in the cruise ticket "may well be permissible" apply as well to the LTD Plan.

According to Defendants, Ascension operates in twenty states and the District of Columbia. (Defs.' Br. in Supp. of Mot. ¶ 1.) Thus, presumably, the plan's participants and beneficiaries are citizens of at least twenty-one locals and, absent a forum selection

7

clause, Defendants potentially could be subject to suit in numerous jurisdictions. Second, the forum selection clause removes any question about where lawsuits should be filed, thereby avoiding litigation concerning this question. Finally, because it presumably is more cost effective for Defendants to litigate lawsuits in Ascension's home state, those savings can be passed along to the plan itself. *See Cent. States, Southeast and Southwest Areas Pension Fund v. O'Brien & Nye Cartage Co.*, No. 06-4988, 2007 WL 625430, at *3 (N.D. Ill. Feb.22, 2007) (finding that "[t]he purpose of including the venue selection clauses is obviously to allow for the Trustees to better exercise efficient administration of the Funds by reducing costs associated with litigating claims against multiple employers . . .")

A forum selection clause also may be unenforceable where "the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong, supra*. As Defendants argue and several courts have found, this factor is far less relevant in a lawsuit concerning the denial of ERISA benefits, particularly where the administrator is granted discretionary authority to make benefit determinations as is the case here. *See Williams*, 2010 WL 5147257, at *5; *Sneed*, 2008 WL 1929985, at *3; *see also* Defs.' Mot. Ex. C at 9-10, Ex. D at 13. In such cases, the administrator's decision is reviewed under an arbitrary and capricious standard and discovery outside the administrative record generally is not permitted because the issues are resolved based on "the record that was before the Plan Administrator." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (citing *Perry v. Simplicity*

*Eng'g, a Div. of Lukens Gen. Ind.*, 900 F.2d 963, 967 (6th Cir. 1990)).  Generally the case is resolved without discovery or a trial and by the filing of cross-motions for summary judgment.  Under these circumstances, the burden on Plaintiff of having to litigate her claims in Missouri are not significant.

## Conclusion

For the above reasons, the Court concludes that the forum selection clause in the LTD Plan is enforceable.  Based on that clause, the Court holds that Plaintiff's lawsuit should be transferred to the District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a).

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss or, in the alternative, to transfer venue is **GRANTED IN PART AND DENIED IN PART** in that Plaintiff's Complaint is not dismissed but is transferred to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a).

Date:  September 28, 2011			s/PATRICK J. DUGGAN
						UNITED STATES DISTRICT JUDGE

Copies to:
Matthew L. Turner, Esq.
Amy L. Blaisdell, Esq.
Marcus C. Wilbers, Esq.
William D. Gilbride Jr., Esq.